NEBEL v. WISE & MILLER

---

(May 9, 1927. Opinion and Decree.)
(May 23, 1927. Rehearing Refused.)
(July 12, 1927. Writs of Certiorari and Review Denied by Supreme Court.)

---

*(Syllabus by the Court)*

1. **Louisiana Digest—Brokers—Par. 21, 23.**

To prevent a salesman from recovering his contractual interest in a commission on sale of properties listed by him with defendants, defendants must prove that he had knowledge of and acquiesced in the rule providing that interest in commissions ceased with employment.

Appeal from First City Court, Division "C". Hon. W. V. Seeber, Judge.

Action by Frank J. Nebel against Wise & Miller.

There was judgment for defendants and plaintiff appealed.

Judgment reversed.

Gaspar Bossetta, of New Orleans, attorney for plaintiff, appellant.

F. B. Freeland, of New Orleans, attorney for defendants, appellees.

JONES, J. This is a suit for two hundred twenty-two and 00-100 ($222.00) dollars, one-third of the commission paid defendants. for sale of certain properties which had been listed by plaintiff while working as salesman for defendants.

Defendants admit the listing by plaintiff of the sale and receipt of commission, but deny plaintiff's claim, because the properties were sold by another salesman of their office after defendant had left them.

They further aver in their answer that *under the verbal contract of employment and under the rules and regulations of defendants' office which were well known to plaintiff*, it was entirely agreed and understood that plaintiff should have no further interest in listings made by him after he left their employment.

There was judgment for defendants and plaintiff has appealed.

As the listing of the properties by plaintiff, the subsequent sale by another employee of defendants and receipt of commission by them is admitted, the question before us is whether plaintiff's contract for one-third of commission on property listed by him was limited in time to the duration of his employment.

On this point Miller, the defendant, corroborates plaintiff by testifying that nothing was said at time of employment about plaintiff's losing his interest in his listings upon leaving the firm, but both Miller and three salesmen, who were employed by the firm at the time of the trial, testify that such was the custom of the office.

Barnes says that he was so told when he was employed.

Evans and Guidry say that they only gained this information at a meeting of the salesmen after their employment.

Stokes, a witness for plaintiff, who sought employment from the firm three days before the trial, says that Miller did not mention any such limitation in outlining to him the terms of employment.

The record is bare of proof that any such custom prevailed generally in the local real estate business and there is no proof that any such rule of defendants' office was ever brought to the notice of plaintiff.

Article 3 of the Civil Code reads as follows:

"Customs result from a long series of actions constantly repeated, which have, by such repetition, and by uninterrupted acquiescence, acquired the force of a tacit and common consent."

Article 1966 of the Civil Code reads as follows:

"By the word usage, mentioned in the preceding articles, is meant that which is generally practiced in affairs of the same nature with that which forms the subject of the contract.

"House rent in some cities is generally paid by the month; in others by the quarter. In a contract for the hire of a house, without expressing when the rent was to be paid, the deficiency would be supplied by proof of the usage, but if a

contrary intent appear in the contract, the usage would not contravene it."

These articles show custom or usage may be applied to the solution of ambiguous contracts only when both parties to the contract are thoroughly familiar with the custom, and we think that proof of knowledge in plaintiff of the custom and acquiescence therein after such knowledge are essential to sustain the defense in this case.

Moreover, it will be noted in this case that a special custom or rule of the office is relied on not to solve an ambiguity in a contract but to establish a limitation or qualification in the terms of the agreement.

The defendant, after admitting frankly that he agreed to pay one-third of the commission for listing property, says that nothing was said about the loss of the commission in the event of severance of relations prior to sale.

As listing of property is an essential step in the consummation of every real estate sale, such service would certainly seem entitled to compensation and, therefore, necessarily included in a general contract covering all payments to real estate salesmen, unless distinctly excluded. The limitation of such a general contract on this evidence will be not only an unwarranted extension but a complete misapplication of the law and practice with regard to custom in this state.

Defendant argues that plaintiff waived his claim, if he ever had any, because he said when Miller told him that he (Miller) would have to make payment personally:

"If that is the way you feel about it, alright."

This seems to us merely a recognition by plaintiff of the fact that further discussion of the matter with defendant at that time was ill-advised and at best merely a temporary acquiescence or intention to relinquish, which intention was later changed. The presumption is against voluntary and gratuitous abandonment of a right and the intention to do so must be clearly established.

For above reasons the judgment is reversed. It is now ordered, adjudged and decreed that there be judgment in favor of plaintif, Frank J. Nebel, and against defendants, C. M. Wise and W. E. Miller, jointly and insolido, in the sum of two hundred twenty-two and 00-100 ($222.00) dollars, with legal interest from demand.