## BARILLEAU v. PAQUET.
### No. 14915.

Court of Appeal of Louisiana. Orleans.
March 4, 1935.

Prowell, McBride & Ray, of New Orleans, for appellant.

Sydney J. Parlongue, of New Orleans, for appellee.

LÉCHE, Judge.

From a judgment in favor of plaintiff in the sum of $120, defendant has appealed. Plaintiff answered the appeal asking that the judgment be increased to the amount prayed for.

■ Defendant is engaged in the real estate business and plaintiff filed this suit claiming the sum of $180, representing salary as bookkeeper for twelve months at $15 per month, and the further sum of $80.59, representing earned commissions. It appears that plaintiff entered defendant's employ on or about April 1, 1932, as bookkeeper, at a salary of $15 per month, and as salesman on a commission basis. Plaintiff's earned commissions as salesman were negligible, and after several weeks under this arrangement a new agreement was made whereby the $15 salary was discontinued and plaintiff was to receive a flat commission of $5 on all sales over $2,500 and $2.50 on all sales under $2,500. This arrangement increased her earnings considerably. She received the salary of $15 for one month prior to the new arrangement, and made no demand or mention of same until many months later, when she was about to leave defendant's employ. In support of this claim she offers the books of defendant, which were kept in her handwriting. But she was bound to do this under the new arrangement, and, in our opinion, has failed to sustain her claim for salary as bookkeeper.

In addition to her duties as bookkeeper, plaintiff was in charge of defendant's rental department under an arrangement whereby she was to receive 50 per cent. of the commission on all listings made by herself and by defendant, and 10 per cent. of the commissions on all listings brought in by salesmen. She admits payment in full on all commissions earned before she left the employ of defendant, but is now claiming the sum of $80.59, representing commissions after she left defendant's employ, but on listings made before that time.

■ An examination of the record convinces us that plaintiff is entitled to these commissions, as all of the properties were listed while she was in defendant's employ as manager of the rental department, and nearly all of them were listings procured by plaintiff herself. While there is some conflict in the testimony, the record does not disclose any arrangement whereby plaintiff was to forfeit her commission upon leaving defendant's employ. In those few cases where defendant refunded the earned commission she did so to satisfy her clients and obtain good will for her business, but this was no concern of plaintiff's. The same question was decided in Nebel v. Wise & Miller, 6 La. App. 773.

For the reasons assigned, the judgment appealed from is amended by reducing the sum awarded plaintiff from $120 to the sum of $80.59, and, as thus amended, it is affirmed, at the cost of defendant.

Amended and affirmed.