The plaintiff, Roy Johnson, is in the real estate business in the City of New Orleans. The defendants, Helen McLean, Gordon J. McLean and Leal C.H. McLean, are the owners of a certain piece of property situated at 114 Baronne Street in New Orleans. Johnson, through his employee, Wallace R. Yates, leased the defendants' Baronne Street property for a period of three years to Antin Jewelry Company. The lease contained a clause giving the lessee an option of renewal for two years which it exercised. A commission of four per cent was paid to Johnson upon the rentals received by defendants during the first three years of the lease, but defendants refused to pay any commission on the rentals received during the extension of the lease and this suit seeking payment of four per cent upon $12,900, the rentals for the last two years of the lease, or $516, resulted.
There was judgment below in favor of plaintiff as prayed for and defendants have appealed.
It appears that the Antin Jewelry Company was anxious to obtain a ten year lease on the Baronne Street property which was considerably longer than the owners were willing to give and Yates, plaintiff's agent, endeavored to negotiate a lease which would be satisfactory to all parties with the result that the lease, which we have described, was executed.
In all of the preliminary and verbal discussions concerning the lease Yates represented the plaintiff. The lease was dated July 26, 1937, but it was not until August 5th of that year that it was finally executed. On that date, Mr. Leal McLean, one of the joint owners of the property and a defendant in this suit, called at the office of Mr. Johnson and presented him with the following letter:
"In order that the records may be clear, this will confirm verbal agreement made between your Mr. Yates and myself and brother, regarding commission to be paid you in connection with the lease to the L.C. Antin Jewelry Company on 114 Baronne Street.
"It is understood that at the expiration of the sub lease and at the commencement of our lease, we will pay during the month of October 1938 commission of four percent on the rental as designated in the lease for the first twelve month period, and will pay in October 1939 and October, 1940 the commissions due for the respective second and third twelve month periods.
"It is further understood that if for any reason said tenant, L.C. Antin Jewelry Company, does not occupy the premises for the stated period of the lease, that no commission shall be due you.
Payments as outlined above for the three year period of the lease, exclusive of the sub lease and any renewals, shall be considered full compensation for your services.
"Yours very truly, "Helen McLean, "Gordon J. McLean "Leal C.H. McLean "By (Signed) Leal C.H. McLean." *Page 582 
Roy Johnson then added the following:
"We accept the above under protest, with the question of 4% commission on the 2 year extension to be discussed and settled amicably without recourse to the court."
The lease was then signed by Leal McLean, the signatures of the other two owners of the property having been previously affixed.
There is considerable discussion in brief and there was in argument concerning what Yates said with reference to the commission on the extension, it being the contention of defendants' counsel that he waived any right his principal might have had to this commission. Leal McLean, who seems to have handled the transaction for his co-owners as well as himself, testified to that effect, but Yates emphatically denied having done anything of the kind and there is no other proof in the record. It is, therefore, obvious that this point is not established, however, in view of the fact that the agreement concerning the commissions was finally reduced to writing, in the form of a letter written by Leal McLean on behalf of his co-owners and himself, on August 5, 1937, which was agreed to with reservations by Johnson, and tacitly accepted by McLean, it might well be said that these verbal discussions between Yates and McLean are inadmissible.
As we have said, the question of commissions on the extension was in dispute before the final execution of the lease in Johnson's office and McLean, in signing the lease subsequent to the qualification insisted upon by Johnson, to the effect that his right to the commission should be left open for discussion, must be held to have agreed to Johnson's amendment, otherwise he need not have signed the lease. Counsel assert that, at the time this letter was written, the lease had been executed, but they are mistaken. To begin with, the answer filed on behalf of the defendants, contains a specific statement to the contrary. Johnson's testimony, as well as that of McLean himself, is in accord with the statement in the answer.
The effect, therefore, of the subsequent execution of the lease with the Johnson proviso concerning commissions, was to leave the question of plaintiff's right to this commission open to amicable adjustment and failing in that, to judicial determination.
Much is said about the custom obtaining in this community in regard to real estate agents charging a commission on options granted lessees when exercised, and reference has been made to a provision in the by-laws of the Real Estate Board of New Orleans to that effect. Defendants contend that they are not bound by either the custom or by the by-laws unless it is shown that they had personal knowledge.
"Article 3 of the Civil Code reads as follows:
"`Customs result from a long series of actions constantly repeated, which have, by such repetition, and by uninterrupted acquiescence, acquired the force of a tacit and common consent.'
"* * *
"These articles show custom or usage may be applied to the solution of ambiguous contracts only when both parties to the contract are thoroughly familiar with the custom, and we think that proof of knowledge in plaintiff of the custom and acquiescence therein after such knowledge are essential to sustain the defense in this case." Nebel v. Wise Miller, 6 La.App. 773.
So far as the knowledge of the defendants of the local custom and the by-laws of the real estate board of New Orleans is concerned, it might well be said that Leal McLean was advised of both the by-laws and the custom when negotiating the contract with Johnson concerning the commission, because that is the ground which, Johnson asserts and McLean admits, was the basis of Johnson's refusal to sign the agreement as McLean had written it.
The real question is to what does the commission of four percent extend? Is it limited to the three years or does it cover the other two years in the event that the tenant desires to keep the property for that additional length of time? This question was left open so far as the contract between the parties is concerned. The most important service which a broker renders an owner is the procuring of a tenant who is willing to take the property upon the terms offered by the owner, and financially able to discharge his obligation to pay the rent as it matures. Johnson, in this instance, obtained a tenant that proved satisfactory to the McLeans and the lease was to extend for three years, but conditioned solely upon the punctual payment of *Page 583 
the rent and the other obligations of the lease, it could be renewed for an additional two years. The tenant exercised this privilege so that what Johnson really did was to procure a tenant for the defendants for five years, and we see no reason why his commission should not extend to the rental received by the defendants for the entire period. We are informed by the record that since the expiration of the five year period in the original lease or on September 30, 1943, the property has been released for an additional five years. Of course, no commission is claimed on this lease.
The commission of four per cent upon the two years is, of course, dependent upon the tenant exercising his option, but so is the additional rentals due the owner. However, when the tenant, under the conditions of the lease, procured by the efforts of the broker, takes the property under his option for the two years, the lease then becomes a five and not a three year lease and the broker is entitled to his commission on the entire lease.
We believe the plaintiff is entitled to recover, consequently, and
For the reasons assigned the judgment appealed from is affirmed.
Affirmed.