REDMANN, Judge.
Plaintiff appeals from the dismissal of his claim for a share in his former employer’s commission on the sale of a house whose listing plaintiff had obtained. We reverse.
Plaintiff had left defendant’s employ to establish his own brokerage firm, which actually sold the house and received half of the commission. The trial judge reasoned that on forming his own brokerage plaintiff created a relationship adverse to his former employer’s interest, and that allowing a former employee to recover both the listing agent’s 25% and the selling broker’s full 50% of the commission would grant the former employee a greater portion than he could have recovered had he stayed with his employer. There is merit to the trial judge’s observation that, in effect, defendant broker’s part of the commission would have been greater had plaintiff remained in his employ and there sold the house.
We respond, however, that any other broker could have produced the buyer and thereby received half of the commission, leaving defendant in his present position. Indeed, had plaintiff not produced the buyer, defendant might have gotten no commission at all. Thus another broker’s seeking and finding a buyer is not, in any absolute sense, adverse to the listing broker’s interest. Plaintiff’s actions were not adverse to defendant, and defendant has no cause and no authority to refuse to pay plaintiff the listing agent’s share of the commission which, as held in Ruiz v. Treadaway, La.App.1944, 17 So.2d 378, he had already earned. See also Nebel v. Wise & Miller, 1927, 6 La.App. 773; Barilleau v. Paquet, La.App.1935, 159 So. 418, and Eastman v. Gamble, La.App.1949, 39 So.2d 642.
Reversed; judgment for plaintiff for $311.29 with interest from judicial demand and costs.